UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MANCHEL; and JANINE MANCHEL,<br><br>Plaintiffs,<br><br>v.<br><br>TERI ANNE AVAKIAN-HUGHES,<br><br>Defendant. | Case No.: 18cv1489-MMA (MDD)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION;**<br><br>**AND DENYING AS MOOT DEFENDANT'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2] |

On June 29, 2018, Defendant Teri Anne Avakian-Hughes ("Defendant"), proceeding *pro se*, filed a notice of removal in this unlawful detainer action from the Superior Court for the County of San Diego, and simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). *See* Doc. Nos. 1, 2. For the reasons set forth below, the Court *sua sponte* **REMANDS** this case to the Superior Court of California for the County of San Diego for lack of subject matter jurisdiction.

## Legal Standard

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534,

541 (1986). The Court is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Additionally, a federal court also has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

## DISCUSSION

Here, Plaintiffs' complaint, attached to Defendant's notice of removal, asserts only one cause of action against Defendant for unlawful detainer. *See* Doc. No. 1-2.

Defendant alleges in her notice of removal that the Court has federal question jurisdiction. *See* Doc. No. 1 at 2.[1] Specifically, Defendant asserts that the Protecting Tenants at Foreclosure Act ("PTFA"), 12 U.S.C. § 5220, preempts Plaintiffs' unlawful detainer cause of action. *See id.* Defendant, however, has not met her burden of demonstrating grounds for jurisdiction. While Defendant cites to a federal statute, the PTFA is not implicated by Plaintiffs' complaint. A plaintiff is "the master of his complaint," and may "generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

Moreover, Defendant "may use the PTFA as a defense in [her] state law proceedings, but this defense does not create subject-matter jurisdiction in federal court." *HSBC Bank USA N.A. v. Serrato*, No. 13-CV-1968 RS, 2013 WL 3337813, at *2 (N.D. Cal. July 1, 2013); *see also Deutsche Bank Nat. Trust Co. v. Eaddy*, No. 12-CV-1845 YGR, 2012 WL 4173987, at *1 (N.D. Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but *does not create a private right of action or a basis for federal subject matter jurisdiction*") (emphasis added). Thus, the PTFA cannot serve as the basis for federal question jurisdiction. *See Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense.") (emphasis in original). Accordingly, because the complaint asserts only one state law claim, and does not allege any federal claim, Defendant has not met her burden of demonstrating that the Court has federal question jurisdiction.

Further, although not raised by Defendant, there is no diversity jurisdiction in this matter. Plaintiffs' complaint reveals that this is a "limited" civil case where the damages sought do not exceed $10,000. *See* Doc. No. 1-2. As such, the amount in controversy does not meet the jurisdictional threshold of $75,000.

/ / /

/ / /

---

[1] All citations to specific page numbers refer to the pagination assigned by the CM/ECF system.

## CONCLUSION

Based on the foregoing, Defendant has not adequately established a basis for this Court's subject matter jurisdiction. Accordingly, the Court *sua sponte* **REMANDS** this action back to state court.[2] *See* 28 U.S.C. § 1447(c). The Clerk of Court is instructed to return the case to state court forthwith and close this action.

Date: June 29, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] As such, the Court **DENIES AS MOOT** Defendant's motion to proceed IFP. *See* Doc. No. 2.